ALDERMAN, Judge.
The sole point in this appeal by the State of Florida is whether the court below erred in accepting the plans of treatment and conduct presented by appellees pursuant to Fla.R.Juv.P. 8.080(3). Appellees, ages 11 and 12, were alleged to be delinquent children.
The Rule in question provides:
“A child or, where appropriate in a dependency proceeding, the parents or legal custodian of the child may submit in writing prior to the beginning of the adjudicatory hearing a request for the acceptance of a plan. The terms and conditions of the plan shall be formulated in conjunction with the Division of Youth Services or the Division of Family Services. This request, in delinquency proceedings, shall be signed by the child, his parents, or legal custodian, and his counsel when he is represented. In dependency proceedings it shall be signed by the parents or legal custodians and their counsel when they are represented. It is not an admission of delinquency or need of supervision or dependency, but shall submit the parties to the jurisdiction of the Court. It must contain a plan of treatment and conduct to which the parties agree. The Court may accept or reject the plan. The plan shall contain a stipulation that the speedy trial rule is waived. Upon a violation of the plan a petition alleging the violation shall be filed by the authorized agent of the Division of Youth Services or the authorized agent of the Division of Family Services. If the Court, after hearing, finds that a violation has occurred, it shall set the case for hearing on the original petition and proceed thereafter as in any other petition.” Fla.R.Juv.P. 8.080(3).
The primary thrust of the State’s argument is that the Judge of the Juvenile Division of the Circuit Court could not accept the proposed plans of treatment and conduct under Rule 8.080(3) without the agreement of the State Attorney. To support its contention the State relies upon the following language of the Rule: “It must contain a plan of treatment and conduct to which the parties agree.” (Emphasis supplied.)
There is no doubt that the State Attorney has an important function in the proceedings of the Juvenile Court. However we do not believe that the Court’s acceptance of the proposed plan under Rule 8.080(3) is contingent upon the agreement of the State Attorney. An analysis of the Rule shows that in delinquency cases it is the child, not the State Attorney, who may submit a request for acceptance of a plan. The terms and conditions of the plan must be formulated in conjunction with the Division of Youth Services. There is no requirement that the State Attorney participate in the formulation of the plan. The request for acceptance of the plan must be signed by the child, his parents or legal custodian, and his counsel when he is represented. There is no requirement that the State Attorney sign the request. The Rule provides that the child’s request for acceptance of a plan “ . . .is not an admission of delinquency or need of supervision or dependency, but shall submit the parties to the jurisdiction of the Court.” (Emphasis supplied.) The use of the word “parties”, in the context of the sentence quoted above, obviously does not refer to the State Attorney. It could not reasonably be said that the child’s request for acceptance of a plan submits the State Attorney to the jurisdiction of the Court. Clearly what is intended in this context is that the child’s request for acceptance of a plan shall submit the child and the parents or legal custodian of the child to the jurisdiction of the Court.[1]
The word “parties” is used again in the portion of the Rule upon which the State *939 relies. The State argues that it is a “party” and therefore it must agree to the plan of treatment and conduct before the Court may accept the plan. When read in the context of Rule 8.080(3), we think it is clear that the “parties” who must agree to the plan of treatment and conduct are the child and the parents or legal custodian of the child. We do not believe that the intent of the Rule is to give to the State Attorney the right to veto any proposed plan to which he did not agree. It is the Juvenile Court Judge who must ultimately accept or reject the plan.
This is not to say that the State Attorney may not object to any proposed plan. Certainly he has the right to advise the Court why a particular plan proposed by Rule 8.080(3) should be accepted or rejected. The Juvenile Court Judge may then consider all of the factors properly before the Court in making his decision whether to accept or reject the plan.
AFFIRMED.
SMITH, ROBERT P., Jr., and SCHWARTZ, ALAN R., Associate Judges, concur.

. Compare Fla.R.Juv.P. 8.090(e), which provides in part: “Upon the application of a party, the petitioner or the state attorney, the clerk shall issue, and the Court on its own motion *939 may issue subpoenas . . . ” (Emphasis supplied.) Obviously in this context the word “party” does not include “state attorney” which is listed separately.